IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JETT L. WRIGHT, | ) |
| Petitioner, | ) Case No. 3:06-0672 |
| | ) Chief Judge Haynes |
| v. | ) |
| STATE OF TENNESSEE and | ) |
| RICKY BELL, Warden, | ) |
| Respondent. | ) |

**MEMORANDUM**

Petitioner, Jett L. Wright, filed this pro se action under 28 U.S.C. § 2254 seeking the writ of habeas corpus to set aside his conviction for rape and failure to appear. After a review of the pro se petitions, the Court appointed counsel for Petitioner and amended petition was filed.

Before the Court is the Respondent's motion to dismiss (Docket Entry No. 30) contending, in sum, that this action is untimely under 28 U.S.C. 2244 § (d)(1), because Petitioner failed to file his petition withing one year of the date his conviction became final.

**A. Procedural History**

Petitioner was indicted for three counts of rape, one count of sexual battery, one count of contributing to the delinquency of a minor, and one count of failure to appear. On June 17, 1999, Petitioner entered a guilty plea for attempted rape and failure to appear for which his agreed sentence was 14 years. Wright v. State of Tennessee, No. M2005-02284-CCA-R3-CD, 2006 WL 264922 (Tenn. Crim. App., Feb. 1, 2006). Petitioner's conviction became final on July 17, 1999, 30 days after the state trial court's judgment based upon his guilty plea. Tenn. Rules App. Proc., Rule 4(a).

1

Petitioner did not appeal his sentence. Id.

On July 15, 2005, Petitioner filed his state post-conviction relief petition. Id. The state trial court ruled the petition untimely as the applicable state statute of limitation for post-conviction petition expired on July 17, 2000. Id. On appeal, the Tennessee Court of Criminal Appeals affirmed and the Tennessee Supreme Court denied Petitioner's application for permission to appeal on May 30, 2006. Id. at *1.

Petitioner filed his pro se petition in this action that was signed on June 6, 2006. (Docket Entry No. 1). On April 17, 2007, Petitioner moved to stay proceedings. (Docket Entry No. 18). On April 28, 2007, this Court granted the Petitioner's motion and this action was administratively closed. (Docket Entry No. 19). On August 5, 2008, Petitioner moved to reopen this action (Docket Entry No. 23) and on August 20, 2008, this Court granted the Petitioner's motion and gave him 40 days to file an amended petition, if necessary, (Docket Entry No. 25) but an amended petitioner has not been filed. Petitioner also did not pursue any state action after this action was administratively closed.

### B. Conclusions of Law

The Antiterrorism and Effective Death Penalty Act (AEDPA) that became effective on April 24, 1996, set a one year limitations period for habeas corpus actions. Under 28 U.S.C. Section 2244(d)(1), a person convicted in state court has one (1) year from the time the conviction becomes final on direct appeal to file a federal petition. In Lindh v. Murphy, 521 U.S. 32 (1997) the Supreme Court held that the ADEA was to be applied prospectively, i.e., beginning after April 24, 1996. In Brown v. O'Dea, 187 F.3d 572, 576-77 (6th Cir. 1999), the Sixth Circuit set a one year grace period from the Act's passage, i.e., midnight of April 23, 1997, for the filing of habeas petitions for state

prisoners whose convictions were final. Accord Martin v. Jones, 969 F.Supp. 1058, 1061 (M.D. Tenn. 1997). Yet, where a federal habeas action is stayed pending exhaustion of state court remedies, the federal limitations period is tolled. Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Aside from the "stay and abeyance" rule, the federal limitations period can be equitably tolled under the Court's equitable jurisdiction. Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005).

In addition, under 28 U.S.C. § 2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." Id. (emphasis added). "The [statutory] tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (quoting Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y.1998)). "[A]n application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, ... the time limits upon its delivery." Id at 603 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The pendency of a federal habeas action does not toll the limitation period for filing of a federal habeas claim. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Under certain conditions, the relation back doctrine under the Fed. R. Civ. P. 15(c)(2) can apply in a federal habeas action, but only to the extent that its application does not conflict with the AEDPA limitation period. Mayle v. Felix, 545 U.S. 644, 649 (2005).

3

Here, Petitioner's claims are untimely. Petitioner's conviction became final on July 17, 1999. Petitioner's state post-conviction action was ruled untimely under state law, and that state ruling is binding on this Court. Thus the federal statute of limitations for habeas action is not stayed during that proceeding. The Petitioner filed this action on June 6, 2006, six years beyond the federal habeas limitation and without any grounds asserted to toll the limitations period.

For these reasons, the Court concludes that this action is untimely and is barred by the federal statute of limitations for habeas action.

An appropriate Order is filed herewith.

**ENTERED** this the 13th day of March, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court